𝕴𝖓 𝖙𝖍𝖊 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘
𝕱𝖔𝖗 𝖙𝖍𝖊 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕾𝖔𝖚𝖙𝖍 𝕮𝖆𝖗𝖔𝖑𝖎𝖓𝖆
BEAUFORT DIVISION

| | |
|---|---|
| Alexis Wilson,  )<br>                                 )<br>                Plaintiff,  )<br>                                 )<br>vs.                          )<br>                                 )<br>Greenwood City Police Department,  )<br>Unknown Officer 1 and Unknown Officer 2 )<br>                                 )<br>                Defendants.  )<br>_____) | Civil Action No. 6:9:07-1291-GRA-GCK<br><br>**REPORT OF MAGISTRATE JUDGE** |

The plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On August 10, 2007, the defendants filed a motion for summary judgment. On August 13, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), an order was mailed to the plaintiff's last known address (Greenwood County Detention Center, B101, 528 Edgefield Street, Greenwood, SC 29646) advising him of the summary judgment procedure and the possible consequences if he failed to respond adequately. The envelope containing this order was returned to the court marked "Released 7/20/07" The Clerk of Court telephone the Greenwood County Detention Center and confirmed plaintiff's release date.

The record reveals that the plaintiff was advised by order dated May 31, 2007, of his responsibility to notify the court *in writing* if his address changed.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution.

_____
GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

August 30, 2007

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).